William A. Hanssen (Bar No. 110613)
DRINKER BIDDLE & REATH LLP
1800 Century Park East
Suite 1400
Los Angeles, CA  90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
*william.hanssen@dbr.com*

Patrick J. Kelleher (*pro hac vice* pending)
Carrie A. Beyer (*pro hac vice* pending)
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive
Suite 3700
Chicago, IL  60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
*patrick.kelleher@dbr.com*
*carrie.beyer@dbr.com*

Attorneys for Defendant
Empty Jar, LLC f/k/a Jardogs, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY MEDICAL RECORDS, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>JARDOGS, LLC.<br>an Illinois Limited Liability Company,<br><br>          Defendant. | Case No. 13-cv-3560-ODW (SHx)<br>Hon. Otis D. Wright<br>Courtroom 11<br><br><br>**EMPTY JAR'S ANSWER AND DEFENSES TO CORRECTED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Empty Jar, LLC f/k/a Jardogs, LLC ("Empty Jar or Defendant") answers the allegations in the numbered paragraphs of Plaintiff's Corrected Complaint as follows and pleads and gives notice of its defenses.

## ANSWER TO COMPLAINT

Empty Jar, by counsel, hereby answers the allegations as follows:

## PARTIES

**1.**     Plaintiff MMR is a Delaware corporation with its principal place of business in Los Angeles, California.

**Answer**: On information and belief, admitted that MyMedicalRecords, Inc. is a Delaware corporation with a place of business in Los Angeles, CA.  Empty Jar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

**2.**     On information and belief, Defendant Jardogs is an Illinois limited liability company with its principal place of business in Springfield, Illinois. On information and belief, Jardogs is a wholly owned subsidiary of Allscripts Healthcare Solutions, Inc. ("Allscripts").

**Answer**: Empty Jar admits that it is an Illinois limited liability company with its principal place of business in Springfield, Illinois. Otherwise denied.

## JURISDICTION, VENUE AND JOINDER

**3.**     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer**: Empty Jar admits on information and belief that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has conducted extensive commercial activities and continues to conduct extensive commercial activities within the state of California. On information and belief, Defendant directly and/or through intermediaries (including Defendant's related companies, subsidiaries, distributors, sales agents, partners and others), makes, uses, imports, offers for sale and/or sells its products and services (including, but not limited to, the products and services that are accused of infringement in this lawsuit) within the state of California and in this judicial district. On information and belief, Defendant has committed and continues to commit acts of direct and indirect infringement in the District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to infringe the patent-in-suit in California, as alleged in more detail below.

**Answer**: Empty Jar admits that it has conducted some business within the state of California. Otherwise denied.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**Answer**: Empty Jar denies that venue is proper under 28 U.S.C. § 1400(b). Empty Jar admits that venue may be proper under 28 U.S.C. § 1391(b) but denies that this District is the most convenient forum.

## BACKGROUND

6.      MMR is a wholly owned operating subsidiary of MMRGlobal, Inc. MMR provides various electronic solutions in the health care information technology market ("Health IT"), including MyMedicalRecords, MyMedicalRecordsMD, MMRPatientView and MyEsafeDepositBox.

**Answer**: Empty Jar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

7.      MMR's product, known as MyMedicalRecords, is a personal health records solution ("PHR") that enables individuals and families to safely maintain

their medical records and other important documents in one central location and instantly access them anytime from anywhere in the world. The MyMedicalRecords PHR is built on proprietary, patented technologies that facilitate, among other things, documents, images and voicemail messages to be transmitted and stored using a variety of methods, including fax, e-mail, phone, or file upload, creating an integrated telecommunications platform that does not rely on any specific electronic medical record ("EMR") system to populate a user's account. The product is "untethered" providing the patient with significant benefits. Further, in the event of an emergency or disaster, medical personnel and first responders can retrieve potentially lifesaving information via a separate emergency login to the patient's PHR.

**Answer**: Empty Jar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

**8.** MyMedicalRecordsMD ("MMRPro'') is MMR's professional solution or healthcare providers, designed to give physicians and hospitals an easy and cost-effective solution to digitizing paper-based medical records and sharing them with patients in real time through an integrated patient portal, MMRPatientView.

**Answer**: Empty Jar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

**9.** MMR's MyEsafeDepositBox service provides secure online storage for vital financial, legal and insurance documents in addition to medical records using the same patented technologies that drive the MyMedicalRecords PHR service.

**Answer**: Empty Jar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

10.    MMR is the owner of seven issued U.S. patents covering innovations regarding PHRs and the electronic exchange of medical records. The patents include US Patent Nos. 8,117,045; 8,117,646; 8,121,855; 8,301,466; 8,321,240; 8,352,287; and 8,352,288. MMR's patents are generally directed to methods for providing a user with the ability to access and collect personal health records associated with the user in a secure and private manner, among other things. These patents are relevant to the market for providing PHRs as required under current law.

**Answer**: Empty Jar lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

11.    On information and belief, Jardogs provides health information services to consumers and healthcare providers. One of Jardogs' products is or has been FollowMyHealth Universal Health Record ("FollowMyHealth"), a product Jardogs describes as the "next generation patient portal, combining patient-provider communication with a patient managed personal health record."

**Answer**: Empty Jar admits that it had a product known as FollowMyHealth Universal Health Record. Otherwise denied.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement as to the '466 Patent)

12.    Plaintiff incorporates paragraphs 1 through 11 of this complaint as if set forth in full herein.

**Answer**: Empty Jar incorporates its answers to paragraphs 1 through 11 of the corrected Complaint as if fully set forth herein.

13.    MMR is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,301,466 (the '466 Patent), entitled "Method and System for Providing Online Records." The '466 Patent was duly and legally issued on October 30, 2012 to MMR as assignee of inventor Robert H. Lorsch.   A true and correct copy of the '466 Patent is attached as Exhibit A.

**Answer**: Empty Jar admits that the document attached as Exhibit A bears the title "Method and System for Providing Online Records", purports to be U.S. Patent No. 8,301,466, and states that the "Date of Patent" is October 30, 2012. Empty Jar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

14. Defendant has directly infringed and continues to infringe, either literally and/or under the doctrine of equivalents, the '466 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '466 Patent, including, but not limited to Defendant's FollowMyHealth product.

**Answer**: Denied.

15. Defendant has infringed indirectly and continues to infringe indirectly the '466 Patent by active inducement under 35 U.S.C. § 271(b). Defendant has induced and continues to induce others including Allscripts, distributors, agents, resellers and users to directly infringe one or more claims of the '466 Patent.

**Answer**: Denied.

16. The infringement by Defendant of the '466 Patent has been and continues to be willful, rendering this case exceptional within the meaning of U.S.C. § 285.

**Answer**: Denied.

17. Unless enjoined by this Court, Defendant will continue to infringe on the '466 Patent.

**Answer**: Denied.

18. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**Answer**: Denied.

19.     Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiff to its attorneys' fees and expenses.

**Answer**: Denied.

20.     Defendant's acts of infringement have caused damage to Plaintiff and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

**Answer**: Denied.

\*     \*     \*

## DEFENSES (AFFIRMATIVE OR OTHERWISE)

Empty Jar, by counsel, hereby pleads and gives notice of the following defenses, whether affirmative or otherwise:

### Defense No. 1: Non-Infringement.

21.     Empty Jar does not infringe and has not infringed, and does not and has not induced or contributed to infringement of, any valid and asserted claim of the '466 patent.

### Defense No. 2: Invalidity.

22.     One or more claims of the '466 patent is or may be invalid for failure to meet the requirements of the patent laws of the United States, including at least one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### Defense No. 3: Laches, Waiver, and/or Estoppel.

23.     To the extent that discovery demonstrates that Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel, Empty Jar reserves

the right to so plead within the time periods to be set forth by the Court in its scheduling order.

### Defense No. 4: Limitations on Damages and Costs.

24.    Plaintiff's recovery for alleged infringement of the '466 patent, if any, is limited to any alleged infringement committed on or after October 30, 2012, the date which Plaintiff alleges the '466 patent issued.

25.    On information and belief, Empty Jar has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs, and Plaintiff is or may be barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### Defense No. 5: Not Entitled to Injunction.

26.    Plaintiff is not entitled to injunctive relief because it cannot prove (1) that it has suffered irreparable injury, (2) that there is no adequate remedy at law, (3) that a remedy in equity is warranted, and (4) that the public interest warrants an injunction.

\*       \*       \*

### ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Empty Jar denies that Plaintiff is entitled to any relief whatsoever against Empty Jar, either as prayed for in its corrected Complaint or otherwise. Empty Jar respectfully prays in the alternative for the following relief:

A.    A judgment in favor of Empty Jar and against Plaintiff on all claims for relief and all defenses.

B.    A judgment finding this to be an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Empty Jar all of its attorney fees and expenses and costs.

C.   A judgment awarding Empty Jar all other remedies, legal, equitable, or otherwise, which the Court deems just and warranted by the facts, evidence, and circumstances, including all fees and costs.

\* \* \*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.  Empty Jar joins Plaintiff's request for a trial by jury on all claims and issues so triable.

Dated:     July 25, 2013

Respectfully submitted,
Empty Jar, LLC f/k/a Jardogs, LLC


/s/ William A. Hanssen
William A. Hanssen
State Bar No. 110613
**DRINKER BIDDLE & REATH LLP**
1800 Century Park East
Suite 1400
Los Angeles, CA 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
*william.hanssen@dbr.com*

Patrick J. Kelleher  (*Pro Hac Vice* pending)
Carrie A. Beyer  (*Pro Hac Vice* pending)
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Dr.
Suite 3700
Chicago, IL 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
*patrick.kelleher@dbr.com*
*carrie.beyer@dbr.com*

LA01/ 30329055.1

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

9