O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYMEDICALRECORDS, INC., <br>         Plaintiff, <br>    v. <br> JARDOGS, LLC, <br>         Defendant. | Case No. 2:13-cv-03560-ODW(SHx) <br> **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND [27]** |

On May 31, 2013, Plaintiff MyMedicalRecords, Inc. filed a Complaint against Defendant Jardogs, LLC. MyMedicalRecords owns, among others, U.S. Patent No. 8,301,466, which covers Plaintiff's Internet-based, personal, medical-records system. MyMedicalRecords alleges that Jardogs's product FollowMyHealth Universal Health Record infringes upon the '466 patent. MyMedicalRecords only brought one patent-infringement claim against Jardogs based on Jardogs's alleged infringement of the '466 patent.

On September 23, 2013, MyMedicalRecords filed suit against Allscripts Healthcare Solutions, Inc. MyMedicalRecords alleges that Allscripts acquired all or substantially all of Jardogs in March 2013, thus allegedly rendering Allscripts liable for any infringement resulting from Jardogs's FollowMyHealth product. MyMedicalRecords brought two claims against Allscripts: one for alleged

infringement of the 466 patent and one for alleged infringement of MyMedicalRecords's 8,498,883 patent involving the same Internet-based system.

The Court then ordered MyMedicalRecords to show cause why it had not added Allscripts as a defendant in its suit against Jardogs.  MyMedicalRecords subsequently filed this Motion.  Because both suits involve the same allegedly infringing product, and Allscripts now ostensibly owns and uses the product that was once owned by Jardogs, the Court **GRANTS** MyMedicalRecords's Motion to Amend.

First, the Court notes that Allscripts did not oppose this Motion to Amend. (ECF No. 27.)  Under the Local Rules, a court may deem a party's failure to file an opposition as consent to the court granting the motion.  C.D. Cal. L.R. 7-12. Allscripts's silence bespeaks its position on the Motion.

Under Federal Rule of Civil Procedure 19(a), Allscripts is a "necessary" party and therefore "must be joined."  Rule 19(a) sets forth "necessary" parties, that is, those parties who "must be joined" if they will not deprive the court of subject-matter jurisdiction.  A party is necessary if, among others, disposing of the action in that party's absence may "as a practical matter impair or impede the person's ability to protect the interest; or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1)(B).  If a necessary party has not been joined, the court "must order that the person be made a party."  *Id.* (a)(2).

As noted above, the Jardogs suit was filed nearly four months before the Allscripts suit.  There is a potential risk that adjudicating the *Jardogs* suit could leave Allscripts open to "incurring double, multiple, or otherwise inconsistent obligations." Fed R. Civ. P. 19(a)(1)(B).  Since MyMedicalRecords alleges that Jardogs and Allscripts each infringed the same patent through the same product, varied rulings in two different cases would render Allscripts subject to "inconsistent obligations."  The Court thus finds that Allscripts is a necessary party in the *Jardogs* action. / / /

Further, under 35 U.S.C. § 299(a), a plaintiff may join multiple alleged infringers in one action if plaintiff's claims arise "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process" and "questions of fact common to all defendants or counterclaim defendants will arise in the action."

FollowMyHealth—the allegedly infringing product—is the "same accused product" in both the *Jardogs* and *Allscripts* suits. MyMedicalRecord's suits against each Defendant go further. MyMedicalRecords alleges that Defendants infringed the ′466 patent through the same product: FollowMyHealth. Issues such as the ′466 patent's validity and whether FollowMyHealth's infringes the ′466 patent are issues common to both suits. The Court consequently finds that joinder of Allscripts is proper under § 299.

The Court therefore **GRANTS** MyMedicalRecord's Motion to Amend. (ECF No. 27.)

**IT IS SO ORDERED.**

November 1, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**