Randall J. Sunshine, Esq. (SBN: 137363)
 rsunshine@linerlaw.com
Ted S. Ward, Esq. (SBN: 143810)
 tward@linerlaw.com
Kim Zeldin, Esq. (SBN: 135780)
 kzeldin@linerlaw.com
Ryan E. Hatch (SBN 235577)
 rhatch@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Plaintiff
MYMEDICALRECORDS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY MEDICAL RECORDS, INC., a Delaware Corporation, | Case No. 2:13-cv-03560-ODW (SHx) |
| Plaintiff, | Hon. Otis D. Wright; Dept. 11 |
| vs. | |
| JARDOGS, LLC an Illinois Limited Liability Company; ALLSCRIPTS HEALTHCARE SOLUTIONS INC., a Delaware Corporation, | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff MyMedicalRecords, Inc. ("MMR" or "Plaintiff") brings this Complaint against Defendants Jardogs, LLC ("Jardogs"), and Allscripts Healthcare Solutions Inc. ("Allscripts") (Jardogs and Allscripts are collectively referred to as "Defendants"), alleging as follows:

## PARTIES

1.     Plaintiff MMR is a Delaware corporation with its principal place of business in Los Angeles, California.

2.     On information and belief, Defendant Jardogs is an Illinois limited liability company with its principal place of business in Springfield, Illinois.  On information and belief, Jardogs is now known as Empty Jar, LLC.

3.     On information and belief, Defendant Allscripts is a Delaware company with its principal place of business in Chicago, Illinois.

## JURISDICTION, VENUE AND JOINDER

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have conducted extensive commercial activities and continue to conduct extensive commercial activities within the state of California. On information and belief, Defendants directly and/or through intermediaries (including Defendants' related companies, subsidiaries, distributors, sales agents, partners and others), make, use, import, offer for sale and/or sell their products and services (including, but not limited to, the products and services that are accused of infringement in this lawsuit) within the state of California and in this judicial district. On information and belief, Defendants have committed and continue to commit acts of direct and indirect infringement in the District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to infringe the patents-in-suit in California, as alleged in more detail below.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

Case No.  2:13-cv-03560-ODW (SHx)
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
41391.427-1066761v0.2

## **BACKGROUND**

7.     MMR is a wholly owned operating subsidiary of MMRGlobal, Inc. MMR provides various electronic solutions in the healthcare information technology market ("Health IT"), including MyMedicalRecords, MyMedicalRecordsMD, MMRPatientView and MyEsafeDepositBox.

8.     MMR's product, known as MyMedicalRecords, is a personal health records solution ("PHR") that enables individuals and families to safely maintain their medical records and other important documents in one central location and instantly access them anytime from anywhere in the world.  The MyMedicalRecords PHR is built on proprietary, patented technologies that facilitate, among other things, documents, images and voicemail messages to be transmitted and stored using a variety of methods, including fax, e-mail, phone, or file upload, creating an integrated telecommunications platform that does not rely on any specific electronic medical record ("EMR") system to populate a user's account.  The product is "untethered" providing the patient with significant benefits.  Further, in the event of an emergency or disaster, medical personnel and first responders can retrieve potentially lifesaving information via a separate emergency login to the patient's PHR.

9.     MyMedicalRecordsMD ("MMRPro") is MMR's professional solution for healthcare providers, designed to give physicians and hospitals an easy and cost-effective solution to digitizing paper-based medical records and sharing them with patients in real time through an integrated patient portal, MMRPatientView.

10.     MMR's MyEsafeDepositBox service provides secure online storage for vital financial, legal and insurance documents in addition to medical records using the same patented technologies that drive the MyMedicalRecords PHR service.

11.     MMR is the owner of eight issued U.S. patents covering innovations regarding PHRs and the electronic exchange of medical records.  The patents include US Patent Nos. 8,117,045; 8,117,646; 8,121,855; 8,301,466; 8,321,240; 8,352,287;

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

8,352,288, and 8,498,883.  MMR's patents are generally directed to methods for providing a user with the ability to access and collect personal health records associated with the user in a secure and private manner, among other things.  These patents are relevant to the market for providing PHRs as required under current law.

12.   On information and belief, Jardogs provides or has provided health information services to consumers and healthcare providers.  One of Jardogs' products is or has been FollowMyHealth Universal Health Record ("FollowMyHealth"), a product Jardogs describes as the "next generation patient portal, combining patient-provider communication with a patient managed personal health record."

13.   On information and belief, Allscripts acquired all or substantially all the assets of Jardogs in or about March 2013.  As a result, Allscripts maintains, produces and sells the FollowMyHealth patient portal along with other health information services for consumers and healthcare providers, including but not limited to the Allscripts Patient Portal.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement as to the '466 Patent)

### (Against Jardogs and Allscripts)

14.   Plaintiff incorporates paragraphs 1 through 13 of this complaint as if set forth in full herein.

15.   MMR is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,301,466 (the '466 Patent), entitled "Method and System for Providing Online Records."  The '466 Patent was duly and legally issued on October 30, 2012 to MMR as assignee of inventor Robert H. Lorsch.  A true and correct copy of the '466 Patent is attached as Exhibit A.

16.   Defendants have directly infringed and continue to infringe, either literally and/or under the doctrine of equivalents, the '466 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems

1 | disclosed and claimed in the '466 Patent, including, but not limited to Defendants'
2 | FollowMyHealth product and the Allscripts Patient Portal.

3 |      17.    Defendants have infringed indirectly and continue to infringe indirectly
4 | the '466 Patent by active inducement under 35 U.S.C. § 271(b).  Defendants have
5 | induced and continue to induce others including distributors, agents, resellers and
6 | users to directly infringe one or more claims of the '466 Patent.

7 |      18.    The infringement by Defendants of the '466 Patent has been and
8 | continues to be willful, rendering this case exceptional within the meaning of 35
9 | U.S.C. § 285.

10 |      19.    Unless enjoined by this Court, Defendants will continue to infringe on
11 | the '466 Patent.

12 |      20.    As a direct and proximate result of the Defendants' conduct, Plaintiff
13 | has suffered, and will continue to suffer, irreparable injury for which it has no
14 | adequate remedy at law.  Plaintiff also has been damaged and, until an injunction
15 | issues, will continue to be damaged in an amount yet to be determined.

16 |      21.    Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284 and a
17 | finding that this is an exceptional case within the meaning of 35 U.S.C. § 285,
18 | entitling Plaintiff to its attorneys' fees and expenses.

19 |      22.    Defendants' acts of infringement have caused damage to Plaintiff and
20 | Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a
21 | result of Defendant's wrongful acts in an amount subject to proof at trial.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement as to the '883 Patent)

### (Against Allscripts)

25 |      23.    Plaintiff incorporates paragraphs 1 through 22 of this complaint as if set
26 | forth in full herein.

27 |      24.    MMR is the owner of the entire right, title, and interest in and to U.S.
28 | Patent No. 8,498,883 (the '883 Patent), entitled "Method for Providing a User with a

Service for Accessing and Collecting Prescriptions."  The '883 Patent was duly and legally issued on July 30, 2013 to MMR as assignee of inventor Robert H. Lorsch.  A true and correct copy of the '883 Patent is attached as Exhibit B.

25.    Allscripts has directly infringed and continues to infringe, either literally and/or under the doctrine of equivalents, the '883 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '883 Patent, including, but not limited to Defendant's FollowMyHealth and Patient Portal products.  For example, Defendant's FollowMyHealth and Patient Portal products implement a method for providing a user with an ability to access, collect, and/or manage drug prescriptions associated with the user in a secure and private manner, according to one or more claims of the '883 Patent.

26.    Defendant Allscripts has contributorily infringed and is currently contributorily infringing the '883 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '883 Patent, including, but not limited to Defendant's FollowMyHealth and Patient Portal products.

27.    Defendant Allscripts has actively induced and is actively inducing the infringement of the '883 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '883 Patent, including, but not limited to Allscripts' FollowMyHealth and Patient Portal products.

28.    The infringement by Defendant Allscripts of the '883 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

29.    Unless enjoined by this Court, Defendant Allscripts will continue to infringe the '883 Patent.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
41391.427-1066761v0.2

1   30.   As a direct and proximate result of the Defendant Allscripts' conduct,

2   Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has

3   no adequate remedy at law.  Plaintiff also has been damaged and, until an injunction

4   issues, will continue to be damaged in an amount yet to be determined.

5   **PRAYER FOR RELIEF**

6   For the above reasons, Plaintiff respectfully requests that the Court grant the

7   following relief in favor of Plaintiff and against Defendants:

8   1.   A judgment in favor of Plaintiff that Defendants have infringed, directly

9   and indirectly, one or more claims of the '466 Patent;

10   2.   A judgment and order requiring Defendants to pay Plaintiff its damages,

11   costs, expenses, and pre-judgment and post-judgment interest for Defendants'

12   infringement of the '466 Patent;

13   3.   A judgment declaring that Defendants' infringement of the '466 Patent

14   was willful;

15   4.   A judgment in favor of Plaintiff that Defendant Allscripts has infringed,

16   directly and indirectly, one or more claims of the '883 Patent;

17   5.   A judgment and order requiring Defendant Allscripts to pay Plaintiff its

18   damages, costs, expenses, and pre-judgment and post-judgment interest for

19   Defendant's infringement of the '883 Patent;

20   6.   A judgment declaring that Defendant Allscripts' infringement of the

21   '883 Patent was willful;

22   7.   A judgment against Defendants declaring that Plaintiff is entitled to

23   enhanced damages as a result of the knowing, deliberate, and willful nature of

24   Defendants' infringement;

25   8.   A judgment against Defendants declaring that this is an exceptional case

26   within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable

27   attorneys' fees against Defendants; and

28

9. For such other and further relief as the Court deems just and proper.

Dated:  November 5, 2013                    Respectfully submitted,

                                            LINER GRODE STEIN YANKELEVITZ
                                            SUNSHINE REGENSTREIF & TAYLOR
                                            LLP


                                            By:   ___/s/ Ted S. Ward_____
                                                  Randall J. Sunshine
                                                  Ted S. Ward
                                                  Kim Zeldin
                                                  Ryan A. Hatch
                                                  Attorneys for Plaintiff
                                                  MYMEDICALRECORDS, INC.

**JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff MyMedicalRecords, Inc. respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

Dated:  November 5, 2013                    Respectfully submitted,

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR
LLP


By:  _____/s/ Ted S. Ward_____
     Randall J. Sunshine
     Ted S. Ward
     Kim Zeldin
     Ryan A. Hatch
     Attorneys for Plaintiff
     MYMEDICALRECORDS, INC.