O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br><br>             Plaintiff,<br>     v.<br><br>JARDOGS, LLC; ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.,<br><br>             Defendants. | Case No. 2:13-cv-03560-ODW(SHx)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT PREJUDICE [39]** |

## I.   INTRODUCTION

Plaintiff MyMedicalRecords, Inc. ("MMR") owns United States Patents on several electronic health-information technology products, including one called MyMedicalRecords. Defendant Allscripts Healthcare Solutions, Inc. produces two competing products called FollowMyHealth and Patient Portal. MMR contends that these products directly and indirectly infringe two of MMR's patents. But as Allscripts points out, MMR's First Amended Complaint lacks any allegations establishing that Allscripts knew of the patents prior to this suit being filed, which is necessary to state a claim for induced, contributory, and willful patent infringement. The Court therefore **GRANTS** Allscripts's Motion to Dismiss **WITHOUT PREJUDICE**.[1]

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

MMR owns various electronic healthcare-information technology products, including one called MyMedicalRecords. (FAC ¶ 7.) The MyMedicalRecords product allows users to collect and safely maintain their personal health information and access it via the Internet. (*Id.* ¶ 8.) Among others, MMR owns U.S. Patent Nos. 8,301,466 and 8,498,883 relating to its products. (*Id.* ¶ 11.)

Around March 2013, Allscripts acquired Defendant Jardogs, LLC. (*Id.* ¶ 13.) Jardogs also provides health-information services to consumers, including via its FollowMyHealth Universal Health Record product. (*Id.* ¶ 12.) As a result of its acquisition, Allscripts maintains and produces the FollowMyHealth product. (*Id.* ¶ 13.) Allscripts also produces its own product: the Allscripts Patient Portal. (*Id.*)

On November 5, 2013, MMR filed its First Amended Complaint against Jardogs and Allscripts. (ECF No. 30.) MMR alleges that Allscripts infringes the '466 and '883 Patents by "making, using, offering for sale, and/or selling in the United States certain method or systems disclosed and claimed in the '466 Patent, including, but not limited to Defendants' FollowMyHealth product and the Allscripts Patient Portal." (FAC ¶ 16, 25.) MMR further alleges that Allscripts indirectly induced distributors, agents, resellers, and users to infringe one or more claims of the '466 and '883 Patents. (*Id.* ¶¶ 17, 27.) Finally, MMR contends that Allscripts contributorily infringed the '883 Patent through the FollowMyHealth and Patient Portal products. (*Id.* ¶ 26.)

MMR additionally alleges that Allscripts's alleged infringement was willful, thus rendering the case "exceptional" under 35 U.S.C. § 285. (*Id.* ¶¶ 18, 28.)

On December 5, 2013, Allscripts moved to dismiss MMR's First Amended Complaint. (ECF No. 39.) MMR timely opposed. (ECF No. 44.) That Motion is now before the Court for decision.

///

///

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Allscripts moves to dismiss MMR's patent-infringement claims. Allscripts maintains that MMR failed to allege that Allscripts knew of the '466 or '883 Patents prior to MMR filing suit, which is required to establish indirect and willful infringement. MMR does not rebut Allscripts's arguments—instead opting to attach a second amended complaint as an exhibit. The Court thus **GRANTS** Allscript's Motion.

/ / /

/ / /

### A. Presuit knowledge

Allscripts first argues that MMR failed to allege that Allscripts had any presuit knowledge of the '466 or '883 Patents sufficient to establish any of MMR's indirect- or willful-infringement claims. Allscripts also contends that MMR's First Amended Complaint lacks any allegations concerning whether Allscripts knew that the acts it allegedly induced constituted infringement.

#### 1. Indirect infringement

The Patent Act establishes two types of indirect infringement: (1) induced infringement under 35 U.S.C. § 271(b), and (2) contributory infringement under 35 U.S.C. § 271(c). Section 271(b) renders liable anyone who "actively induces infringement of a patent." Section 271(c) reads:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

The United States Supreme Court has implicitly held that the defendant must have had presuit knowledge of the patent in order for a plaintiff to establish induced infringement under § 271(b). *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("It would thus be strange to hold that knowledge of the relevant patent is needed under § 271(c) but not under § 271(b)."). Induced-infringement liability also requires that the defendant knows that the induced acts constitute patent infringement. *Id.*

While the Supreme Court has addressed the induced-infringement liability standards, it has not answered whether these standards also constitute pleading

requirements. But several lower courts have held that a plaintiff must allege presuit knowledge in order to properly state an induced-infringement claim. *See, e.g.*, *Proxyconn Inc. v. Microsoft Corp.*, SACV 11-1681-DOC(ANx), 2012 WL 1835680, at *6 (C.D. Cal. May 16, 2012); *McRee v. Goldman*, 11-CV-00991-LHK, 2011 WL 4831199, at *5 (N.D. Cal. Oct. 12, 2011).

A majority of the Supreme Court has held that § 271(c) "does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). But as with induced infringement, the Court did not address whether this knowledge standard applies to a plaintiff's pleading burden.

Allscripts argues that the First Amended Complaint is devoid of any allegations establishing that Allscripts had any knowledge of either the '466 or '883 Patents prior to MMR filing suit. MMR does not rebut this contention; rather, it asks the Court to accept a second amended complaint and proceeds to analyze the proffered amendment.

Allscripts correctly asserts that MMR's First Amended Complaint lacks any allegation that Allscripts knew of either patent prior to MMR filing suit. While case law is not settled with respect to whether a plaintiff must allege presuit knowledge in its complaint, it makes good sense to require a plaintiff to at least make out the barebones elements of its claims in order to satisfy the "short and plain statement of the claim" required by Federal Rule of Civil Procedure 8. If a plaintiff cannot competently allege presuit knowledge, that failure raises serious questions about whether it can prove that knowledge—a necessary element of any indirect-infringement claim—later in the case.

Since MMR failed to allege presuit knowledge, the Court must dismiss MMR's induced- and contributory-infringement claims. While MMR asks the Court to address whether its proposed second amended complaint satisfies its pleading burden,

the Court cannot opine on something not yet ripe for review. *See S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 502 (9th Cir. 1990). The Court therefore **GRANTS** Allscripts's Motion to Dismiss on this ground.

### *2. Willful infringement*

To establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). If the plaintiff establishes that risk, it must then show that the objectively defined risk "was either known or so obvious that it should have been known to the accused infringer." *Id.*

California federal courts have taken the view that a plaintiff must plead presuit knowledge in order to adequately plead willful infringement. *E.g.*, *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, --- F. Supp. 2d --- (S.D. Cal. July 16, 2013); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11-04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012).

Allscripts argues that a party cannot willfully infringe a patent of which the party had no knowledge. Allscripts points out that the First Amended Complaint does not contain any allegations establishing that Allscripts knew of either the '466 or '883 Patents prior to being sued. MMR again does not contest this assertion.

Regardless of whether a plaintiff must plead presuit knowledge to state a willful-infringement claim, MMR has not alleged any facts establishing an objectively defined risk that Allscripts's actions infringed MMR's patents or that the risk was "known or so obvious that it should have been known" to Allscripts. *See Seagate*, 497 F.3d at 1371. The Court consequently **GRANTS** Allscripts's Motion on this ground.

### B. Specific intent to induce infringement

The Federal Circuit has held that a plaintiff's complaint must contain facts plausibly demonstrating that the defendant specifically intended its customers to infringe the patent and knew that the customer's acts constituted infringement. *In re*

*Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Mere knowledge is not sufficient; intent to induce infringement is the criterion. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305–06 (Fed. Cir. 2006).

As with MMR's other claims, the First Amended Complaint lacks any allegations establishing that Allscripts specifically intended to induce infringement of the '466 or '883 Patents. The Court thus **GRANTS** Allscripts's Motion on this ground.

### C.   Contributory infringement: substantial non-infringing uses

Allscripts next argues that MMR failed to allege that Allscripts's products lack any substantial non-infringing uses as required for contributory infringement. As the Federal Circuit has held, to "state a claim for contributory infringement . . . , a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.

The First Amended Complaint is devoid of any reference to substantial non-infringing uses. MMR simply alleges that "Allscripts has contributorily infringed and is currently contributorily infringing the '883 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '883 Patent, including, but not limited to Defendant's FollowMyHealth and Patient Portal products." (FAC ¶ 26.) Since MMR has failed to state a claim for contributory infringement, the Court **GRANTS** Allscripts's Motion on this ground. *See Seoul Laster Dieboard Sys.*, --- F. Supp. 2d --- ("The Court may not supply essential elements of the claim that do not appear in the Complaint.").

### D.   Leave to amend

Allscripts lastly argues that the Court should not allow MMR leave to amend, because MMR had three opportunities to file a proper complaint with respect to the FollowMyHealth product but has failed to address its pleading shortcomings.

A court may only dismiss a complaint without leave to amend if "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).

Despite Allscripts's arguments, this Motion is the first time that MMR's allegations have run the judicial gauntlet. While MMR may have fallen this time, the Court cannot say that MMR is down for the count. The Court accordingly will allow MMR leave to file a second amended complaint.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Allscripts's Motion to Dismiss and **DISMISSES** MMR's claims against Allscripts contained in the First Amended Complaint **WITHOUT PREJUDICE**. (ECF No. 39.) MMR may file its second amended complaint within 14 days.

**IT IS SO ORDERED.**

January 6, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**