Randall J. Sunshine (SBN 137363)
    rsunshine@linerlaw.com
Ted S. Ward (SBN 143810)
    tward@linerlaw.com
Ryan E. Hatch (SBN 235577)
    rhatch@linerlaw.com

LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for MYMEDICALRECORDS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MYMEDICALRECORDS, INC. a Delaware Corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>JARDOGS, LLC an Illinois Limited Liability Company; ALLSCRIPTS HEALTHCARE SOLUTIONS INC., a Delaware Corporation,<br><br>          Defendant. | Case No. 2:13-cv-03560-ODW (SHx)<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>The Hon. Otis D. Wright |

Plaintiff MyMedicalRecords, Inc. ("MMR" or "Plaintiff") brings this Complaint against Defendants Jardogs, LLC ("Jardogs"), and Allscripts Healthcare Solutions Inc. ("Allscripts") (Jardogs and Allscripts are collectively referred to as "Defendants"), alleging as follows:

## PARTIES

1.      Plaintiff MMR is a Delaware corporation with its principal place of business in Los Angeles, California.

2. On information and belief, Defendant Jardogs is an Illinois limited liability company with its principal place of business in Springfield, Illinois. On information and belief, Jardogs is now known as Empty Jar, LLC.

3. On information and belief, Defendant Allscripts is a Delaware company with its principal place of business in Chicago, Illinois.

**JURISDICTION, VENUE AND JOINDER**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have conducted extensive commercial activities and continue to conduct extensive commercial activities within the state of California. On information and belief, Defendants directly and/or through intermediaries (including Defendants' related companies, subsidiaries, distributors, sales agents, partners and others), make, use, import, offer for sale and/or sell their products and services (including, but not limited to, the products and services that are accused of infringement in this lawsuit) within the state of California and in this judicial district. On information and belief, Defendants have committed and continue to commit acts of direct and indirect infringement in the District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to infringe the patents-in-suit in California, as alleged in more detail below.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**BACKGROUND**

7. MMR is a wholly owned operating subsidiary of MMRGlobal, Inc. MMR provides various electronic solutions in the healthcare information technology

market ("Health IT"), including MyMedicalRecords, MyMedicalRecordsMD, MMRPatientView and MyEsafeDepositBox.

8. MMR's product, known as MyMedicalRecords, is a personal health records solution ("PHR") that enables individuals and families to safely maintain their medical records and other important documents in one central location and instantly access them anytime from anywhere in the world. The MyMedicalRecords PHR is built on proprietary, patented technologies that facilitate, among other things, documents, images and voicemail messages to be transmitted and stored using a variety of methods, including fax, e-mail, phone, or file upload, creating an integrated telecommunications platform that does not rely on any specific electronic medical record ("EMR") system to populate a user's account. The product is "untethered" providing the patient with significant benefits. Further, in the event of an emergency or disaster, medical personnel and first responders can retrieve potentially lifesaving information via a separate emergency login to the patient's PHR.

9. MyMedicalRecordsMD ("MMRPro") is MMR's professional solution for healthcare providers, designed to give physicians and hospitals an easy and cost-effective solution to digitizing paper-based medical records and sharing them with patients in real time through an integrated patient portal, MMRPatientView.

10. MMR's MyEsafeDepositBox service provides secure online storage for vital financial, legal and insurance documents in addition to medical records using the same patented technologies that drive the MyMedicalRecords PHR service.

11. MMR is the owner of eight issued U.S. patents covering innovations regarding PHRs and the electronic exchange of medical records. The patents include US Patent Nos. 8,117,045; 8,117,646; 8,121,855; 8,301,466; 8,321,240; 8,352,287; 8,352,288, and 8,498,883. MMR's patents are generally directed to methods for providing a user with the ability to access and collect personal health records associated with the user in a secure and private manner, among other things.

Liner Grode Stein Yankelevitz Sunshine Regenstreif + Taylor LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3505

These patents are relevant to the market for providing PHRs as required under current law.

12. On information and belief, Jardogs provides or has provided health information services to consumers and healthcare providers. One of Jardogs' products is or has been FollowMyHealth Universal Health Record ("FollowMyHealth"), a product Jardogs describes as the "next generation patient portal, combining patient-provider communication with a patient managed personal health record."

13. On information and belief, Allscripts acquired substantially all the assets of Jardogs on March 4, 2013. As a result, Allscripts maintains, produces and sells the FollowMyHealth patient portal along with other health information services for consumers and healthcare providers, including but not limited to the Allscripts Patient Portal.

## FIRST CLAIM FOR RELIEF
## (Patent Infringement as to the ʹ466 Patent)
## (Against Jardogs and Allscripts)

14. Plaintiff incorporates paragraphs 1 through 13 of this complaint as if set forth in full herein.

15. MMR is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,301,466 (the ʹ466 Patent), entitled "Method and System for Providing Online Records." The ʹ466 Patent was duly and legally issued on October 30, 2012 to MMR as assignee of inventor Robert H. Lorsch. A true and correct copy of the '466 Patent is attached as Exhibit A.

16. Defendants have directly infringed and continue to infringe, either literally and/or under the doctrine of equivalents, the ʹ466 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems

disclosed and claimed in the '466 Patent, including, but not limited to Defendants' FollowMyHealth product and the Allscripts Patient Portal.

17.     Before it was named in this lawsuit on November 5, 2013 (Docket 30), Allscripts was aware of the '466 Patent by virtue of the existing Complaint that was filed against Jardogs (Docket 1).  That Complaint was filed on May 17, 2013, approximately two months after Allscripts had purchased substantially all of the assets of Jardogs on March 4, 2013, including the accused FollowMyHealth product. On information and belief, subsequent to the acquisition of Jardogs, Allscripts integrated FollowMyHealth with its Patient Portal product.  In the Complaint against Jardogs, MMR specifically identified the accused FollowMyHealth product as infringing the '466 Patent (see Docket No. 1, p. 4).  Since it had acquired Jardogs when that Complaint was filed, and since the Complaint specifically named the FollowMyHealth product that Allscripts had acquired and integrated with Patient Portal, it is reasonable to infer that Allscripts was already aware that FollowMyHealth and Patient Portal infringed the '466 Patent over five months before it was named in this lawsuit on November 5, 2013.

18.     Before it was named in this lawsuit, Allscripts was also aware that its actions would induce infringement of the '466 Patent.  Specifically, Allscripts has provided instructions directing other entities specifically to use the FollowMyHealth and Patient Portal products in a manner known to be infringing.  For example, Allscripts maintains a website at www.followmyhealth.com, which includes instructions specifically directing users to access and collect their health records a secure and private manner, in a manner that infringes one or more claims of the '466 Patent.  Allscripts provides those instructions on its websites, including at www.followmyhealth.com and support.followmyhealth.com.  Allscripts knows its actions induce infringement of the '466 Patent, because, for example, it knows that use of the FollowMyHealth and Patient Portal products infringe the '466 Patent.

19. Allscripts was also aware that the FollowMyHealth and Patient Portal products have no substantial non-infringing uses, and that these products are especially made or adapted for use in infringement of the '466 Patent. Allscripts states prominently on its website that FollowMyHealth is "an innovative health engagement solution that empowers patients to take a more active role in managing their care."1 It also states to users and prospective users that FollowMyHealth is an "innovative tool that provides anywhere, anytime access to your personal health records, and enables you to take a proactive role in managing your care."2 It further states to users and prospective users that with FollowMyHealth, you can "Review your medical records online in a safe, secure environment," "Update your health information (allergies, medications, conditions, etc.)," and "Request Rx refills," among other things. Since FollowMyHealth and Patient Portal are specifically designed to empower patients to manage their care by providing access to their personal health records, Allscripts knows that FollowMyHealth and Patient Portal have no substantial uses other than in providing users with the ability to access and collect their health records a secure and private manner, in a manner that infringes one or more claims the '466 Patent. Allscripts also knows that FollowMyHealth and Patient Portal are made and adapted for use in in providing users with the ability to access and collect their health records (including drug prescriptions) in a secure and private manner, in a manner that infringes one or more claims of the '466 Patent, and therefore that they are especially made or adapted for use in infringement of the '466 Patent.

---

1 https://www.followmyhealth.com/Login/Home/Index?authproviders=0&returnArea=PatientAccess#/Index, visited December 11, 2013.
2 http://support.followmyhealth.com/customer/portal/articles/1128766-what-is-followmyhealth%E2%84%A2-universal-health-record-, visisted December 11, 2013.

20. Before it was named in this lawsuit on November 5, 2013 (Docket 30), Allscripts was aware of the '446 Patent by virtue of the existing Complaint that was filed against it in the action styled *MyMedicalRecords Inc v. Allscripts Healthcare Solutions Inc*, 2:13-cv-07052-ODW-SH (filed Sep. 23, 2013). The Complaint in that action was filed on September 23, 2013, approximately six months after Allscripts had purchased substantially all of the assets of Jardogs on March 4, 2013, including the FollowMyHealth product. On information and belief, subsequent to the acquisition Allscripts integrated FollowMyHealth with its Patient Portal product. In the existing Complaint against Allscripts, MMR specifically identified the accused FollowMyHealth and Patient Portal products as infringing the '466 Patent (see Docket No. 1, p. 4). Thus, it is reasonable to infer that Allscripts was already aware that FollowMyHealth and Patient Portal infringed the '466 Patent over six weeks before it was named in this lawsuit on November 5, 2013.

21. Defendants have contributorily infringed and (in the case of Allscripts) are contributorily infringing the '446 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '446 Patent, including, but not limited to the FollowMyHealth and Patient Portal products.

22. Defendants have infringed indirectly and (in the case of Allscripts) continue to infringe indirectly the '466 Patent by active inducement under 35 U.S.C. § 271(b), by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '446 Patent, including, but not limited to the FollowMyHealth and Patient Portal products. Defendants have induced and continue to induce others including distributors, agents, resellers and users to directly infringe one or more claims of the '466 Patent.

23. The infringement by Defendants of the '466 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

24. Unless enjoined by this Court, Defendants will continue to infringe on the '466 Patent.

25. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

26. Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiff to its attorneys' fees and expenses.

27. Defendants' acts of infringement have caused damage to Plaintiff and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement as to the '883 Patent)
### (Against Allscripts)

28. Plaintiff incorporates paragraphs 1 through 26 of this complaint as if set forth in full herein.

29. MMR is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,498,883 (the '883 Patent), entitled "Method for Providing a User with a Service for Accessing and Collecting Prescriptions." The '883 Patent was duly and legally issued on July 30, 2013 to MMR as assignee of inventor Robert H. Lorsch. A true and correct copy of the '883 Patent is attached as Exhibit B.

30. Allscripts has directly infringed and continues to infringe, either literally and/or under the doctrine of equivalents, the '883 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '883 Patent, including, but not limited to Defendant's FollowMyHealth and Patient Portal products. For example, Defendant's

FollowMyHealth and Patient Portal products implement a method for providing a user with an ability to access, collect, and/or manage drug prescriptions associated with the user in a secure and private manner, according to one or more claims of the '883 Patent.

31. Before it was named in this lawsuit on November 5, 2013 (Docket 30), Allscripts was aware of the '883 Patent by virtue of the existing Complaint that was filed against it in the action styled *MyMedicalRecords Inc v. Allscripts Healthcare Solutions Inc*, 2:13-cv-07052-ODW-SH (filed Sep. 23, 2013). The Complaint in that action was filed on September 23, 2013, approximately six months after Allscripts had purchased substantially all of the assets of Jardogs on March 4, 2013, including the FollowMyHealth product. On information and belief, subsequent to the acquisition Allscripts integrated FollowMyHealth with its Patient Portal product. In the existing Complaint against Allscripts, MMR specifically identified the accused FollowMyHealth and Patient Portal products as infringing the '883 and '466 Patents (see Docket No. 1, p. 4). Thus, it is reasonable to infer that Allscripts was already aware that FollowMyHealth and Patient Portal infringed the '883 Patent over six weeks before it was named in this lawsuit on November 5, 2013.

32. Before it was named in this lawsuit, Allscripts was also aware that its actions would induce infringement of the '883 Patent. Specifically, Allscripts has provided instructions directing other entities specifically to use the FollowMyHealth and Patient Portal products in a manner known to be infringing. For example, Allscripts maintains a website at www.followmyhealth.com, which includes instructions specifically directing users to access, collect, and/or manage drug prescriptions associated with the user in a secure and private manner, in a manner that infringes one or more claims of the '883 Patent. Allscripts provides those instructions on its websites, including at www.followmyhealth.com and support.followmyhealth.com. Allscripts knows its actions induce infringement of

the '883 Patent, because, for example, it knows that use of the FollowMyHealth and Patient Portal products infringe the '883 Patent.

33. Allscripts was also aware that the FollowMyHealth and Patient Portal products have no substantial non-infringing uses, and that these products are especially made or adapted for use in infringement of the '883 Patent. Allscripts states prominently on its website that FollowMyHealth is "an innovative health engagement solution that empowers patients to take a more active role in managing their care."[3] It also states to users and prospective users that FollowMyHealth is an "innovative tool that provides anywhere, anytime access to your personal health records, and enables you to take a proactive role in managing your care."[4] It further states to users and prospective users that with FollowMyHealth, you can "Review your medical records online in a safe, secure environment," "Update your health information (allergies, medications, conditions, etc.)," and "Request Rx refills," among other things. Since FollowMyHealth and Patient Portal are specifically designed to empower patients to manage their care by providing access to their drug prescriptions, Allscripts knows that FollowMyHealth and Patient Portal have no substantial uses other than in providing users with the ability to access, collect, and/or manage drug prescriptions associated with the user in a secure and private manner, in a manner that infringes one or more claims of the '883 Patent. Allscripts also knows that FollowMyHealth and Patient Portal are made and adapted for use in in providing users with the ability to access, collect, and/or manage drug prescriptions associated with the user in a secure and private manner, in a manner

---

[3] https://www.followmyhealth.com/Login/Home/Index?authproviders=0&returnArea=PatientAccess#/Index, visited December 11, 2013.
[4] http://support.followmyhealth.com/customer/portal/articles/1128766-what-is-followmyhealth%E2%84%A2-universal-health-record-, visisted December 11, 2013.

that infringes one or more claims of the '883 Patent, and therefore that they are especially made or adapted for use in infringement of the '883 Patent.

34. Allscripts has contributorily infringed and is currently contributorily infringing the '883 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '883 Patent, including, but not limited to Defendant's FollowMyHealth and Patient Portal products.

35. Allscripts has infringed indirectly and continue to infringe indirectly the '883 Patent by active inducement under 35 U.S.C. § 271(b), by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '883 Patent, including, but not limited to the FollowMyHealth and Patient Portal products. Allscripts has induced and continues to induce others including distributors, agents, resellers and users to directly infringe one or more claims of the '883 Patent.

36. ""

37. The infringement by Defendant Allscripts of the '883 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

38. Unless enjoined by this Court, Defendant Allscripts will continue to infringe the '883 Patent.

39. As a direct and proximate result of the Defendant Allscripts' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

For the above reasons, Plaintiff respectfully requests that the Court grant the following relief in favor of Plaintiff and against Defendants:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly and indirectly, one or more claims of the '466 Patent;

2. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '466 Patent;

3. A judgment declaring that Defendants' infringement of the '466 Patent was willful;

4. A judgment in favor of Plaintiff that Defendant Allscripts has infringed, directly and indirectly, one or more claims of the '883 Patent;

5. A judgment and order requiring Defendant Allscripts to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '883 Patent;

6. A judgment declaring that Defendant Allscripts' infringement of the '883 Patent was willful;

7. A judgment against Defendants declaring that Plaintiff is entitled to enhanced damages as a result of the knowing, deliberate, and willful nature of Defendants' infringement;

8. A judgment against Defendants declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees against Defendants; and

9. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff MyMedicalRecords, Inc. respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

| | | |
|---|---|---|
| Dated:  January 8, 2014 | Respectfully submitted, | |
| | LINER LLP | |
| | By: | */s/ Randall J. Sunshine* |
| | | Randall J. Sunshine |
| | | Attorneys for MYMEDICALRECORDS, INC. |

Liner Grode Stein Yankelevitz Sunshine Regenstreif + Taylor LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3505