O

# United States District Court
# Central District of California

| | |
|---|---|
| MYMEDICALRECORDS, INC., <br>            Plaintiff, <br>     v. <br> JARDOGS, LLC; ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., <br>            Defendants. | Case No. 2:13-cv-03560-ODW(SHx) <br><br> **ORDER DENYING MOTION TO DISMISS ALLSCRIPTS'S SECOND AMENDED COMPLAINT [59]** |

## I.  INTRODUCTION

Moving again to dismiss Plaintiff MyMedicalRecords, Inc.'s ("MMR") Second Amended Complaint, Defendant Allscripts Healthcare Solutions, Inc. raises several unsettled, patent-law pleading issues.  Specifically, Allscripts contends that in light of current Central District of California case law, a plaintiff may not rely on a previous complaint in the same lawsuit to establish a defendant's knowledge of the patents-in-suit.  A plaintiff must plead this knowledge to establish any indirect-infringement claim.  But MMR asks the Court to adopt a rule that assesses the defendant's knowledge at the time the plaintiff added it to the action—irrespective of how it might have gained that knowledge.

After considering arguments on both side of the legal rift, the Court finds that a plaintiff may establish a defendant's knowledge of the patents-in-suit based on the

filing of a previous complaint. But the Court also finds that a plaintiff may not "bootstrap" this postfiling knowledge onto prefiling conduct; rather, the knowledge only applies to the defendant's potentially infringing conduct after the plaintiff files suit. The Court therefore **DENIES** Allscripts's Motion to Dismiss.[1]

## II. FACTUAL BACKGROUND

This is the second dismissal motion that Allscripts filed in this case. In the interest of judicial efficiency, the Court therefore incorporates the factual background from its previous Order. (ECF No. 54.)

After the Court granted Allscripts's last dismissal motion, MMR filed its Second Amended Complaint against Jardogs and Allscripts. (ECF Nos. 54, 55.) On January 22, 2014, Allscripts again moved to dismiss the Second Amended Complaint. (ECF No. 59.) MMR timely opposed. (ECF No. 64.) That Motion is now before the Court for decision.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Allscripts and MMR occupy divergent camps on the presuit-knowledge issue, arguing whether a plaintiff may establish a defendant's knowledge of the patents-in-suit based on the filing of a previous complaint. The Court decides that it may—but only with respect to potentially infringing, postfiling conduct.

**A. Presuit knowledge**

As in its last Motion, Allscripts argues that MMR failed to allege that Allscripts had any presuit knowledge of the '466 or '883 Patents sufficient to establish any of MMR's indirect- or willful-infringement claims. Allscripts contends that under Central District of California law, MMR may not rely on previous complaints filed in the same lawsuit to establish the requisite presuit knowledge.

*1. Indirect infringement*

For both induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c), liability hinges on whether the defendant has knowledge of the patents-in-suit. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) (requiring knowledge of the patent-in-suit and that the defendant know that the induced acts constitute patent infringement); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (holding that § 271(c) requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing").

Allscripts asserts that MMR cannot prove Allscripts's presuit knowledge of either the '466 or '883 Patents based on either MMR filing the original *Jardogs*

Complaint or MMR's previously dismissed *Allscripts* Complaint. Allscripts points out that MMR did not name Allscripts in the first *Jardogs* Complaint. Allscripts also contends that MMR does not allege any specific facts supporting an inference that Allscripts was made aware of the original complaint or any specific infringement allegations as a result of the *Jardogs* Complaint. Citing to *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC(ANx), 2012 WL 1835680 (C.D. Cal. May 16, 2012), and *Secured Mail Solutions, LLC v. Advanced Image Direct, LLC*, No. SACV 12-01090-DOC(MLGx), 2013 U.S. Dist. LEXIS 150785 (C.D. Cal. Jan. 30, 2013), Allscripts asserts that MMR may not properly rely on either the original *Jardogs* or *Allscripts* Complaints to establish knowledge of the patents-in-suit.

But MMR proposes a different rule, arguing that the relevant time for determining Allscripts's knowledge is when it was added to the current action—not when MMR filed any other, previous complaint. Since MMR first filed suit against Jardogs on May 17, 2013—two months after Allscripts had acquired all or substantially all of Jardogs's assets—MMR contends that it is reasonable to infer that Allscripts was aware that the accused FollowMyHealth and Patient Portal products infringed the '466 Patent over five months before MMR named Allscripts in this suit on November 5, 2013. (SAC ¶ 17.)

This Motion presents a murky, unsettled issue in patent law: whether the filing of a complaint may establish the requisite knowledge of the patents-in-suit for induced and contributory infringement. Courts across the country are sharply divided on either side of the question. *Compare Secured Mail Solutions*, 2013 U.S. Dist. LEXIS 150785, *23–24 ("Insofar as Plaintiff alleges knowledge of the Patents in Suit based on the filing of the original Complaint in this lawsuit, the holding in *Proxyconn* controls and Plaintiff has not pled sufficient facts to state a plausible claim for indirect patent infringement."), *Proxyconn*, 2012 WL 1835680, at *7, *and Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010), *with Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) ("In

sum, if a complaint sufficiently identifies, for purposes of Rule 8, the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global–Tech*."), *E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, No. CIV.A. 11-773-SLR, 2012 WL 4511258, at *6 (D. Del. Sept. 28, 2012), *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *6 (E.D. Tex. Aug. 10, 2012), *SoftView LLC v. Apple Inc.*, No. CIV. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012), *and Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI, 2012 WL 1965832, at *4 (N.D. Cal. May 31, 2012).

But this case takes the legal divide a step further, requiring the Court to define exactly what "presuit" knowledge means—that is, whether a plaintiff may rely on a previous complaint against a subsidiary entity or a previously dismissed complaint against the same defendant to prove knowledge of the patent-in-suit.

As to the first issue, Allscripts correctly notes that in *Proxyconn*, another Central District of California court adopted a rule stating that "a complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent." *Proxyconn*, 2012 WL 1835680, at *7; *see also Secured Mail Solutions*, 2013 U.S. Dist. LEXIS 150785, at *23–24 (reaffirming this decision). The court in *Proxyconn* wanted to encourage plaintiffs to notify potential defendants of alleged infringement prior to filing suit in the hope that they could come to a nonjudicial resolution. 2012 WL 1835680, at *5.

But spearheaded by *Walker Digital*, other courts have allowed a plaintiff to partition potential liability when it can only plead the defendant's knowledge of the patent-in-suit based on filing the complaint. *See, e.g.*, 852 F. Supp. 2d at 565 (holding
/ / /

that "there is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct").

Here, MMR originally filed suit against Jardogs and Allscripts separately. But the Court then issued an Order to Show Cause re. Failure to Join Necessary Party, noting that under Federal Rule of Civil Procedure 19, MMR should join the two Defendants in the same action. (ECF No. 25.) MMR accordingly amended its original complaint against Jardogs and dismissed the *Allscripts* action. (ECF No. 30.) Allscripts was therefore aware of the '466 and '883 Patents at least as of September 23, 2013—the date MMR filed the *Allscripts* action.

After extensive consideration of the relevant case law on both sides of the district split, the Court adopts the *Walker Digital* approach. A defendant should not be able to escape liability for postfiling infringement when the complaint manifestly places the defendant on notice that it allegedly infringes the patents-in-suit. Holding otherwise would give a defendant carte blanche to continue to indirectly infringe a patent—now with full knowledge of the patents-in-suit—so long as it was ignorant of the patents prior to being served itself with the complaint. This strange reward would quickly erode the foundation upon which Congress constructed § 271(b) and (c)'s liability structure. *See* 5-17 Chisum on Patents § 17.02 (noting that indirect infringement targets defendants who "appropriate[e] another man's patented invention" (quoting H.R. Rep. No. 82-1923, at 9, 28 (1952); Sen. Rep. No. 82-1979, at 8, 28 (1952))).

It is also important to note that "the purpose of the award of damages for patent infringement is to compensate the claimant for the losses incurred." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1580 (Fed. Cir. 1995). Precluding a plaintiff from recovering damages for postfiling infringement would further contravene Congress's clear intent in enacting § 284 ("Upon finding for the claimant the court *shall award* the claimant damages adequate to compensate for the infringement . . . . (emphasis added)). *See also Walker Digital*, 852 F. Supp. 2d at 565.

This approach also pays heed to the Supreme Court's indirect-infringement knowledge decisions in *Global-Tech* and *Afro Manufacturing* in that a plaintiff still may not "bootstrap" a defendant's postfiling knowledge onto the defendant's prefiling conduct. Rather, a plaintiff like MMR may only use the filing of the complaint to trigger prospective liability for postfiling conduct.

Allscripts therefore bears potential liability for indirect infringement of both the '466 and '883 Patents beginning on September 23, 2013, when MMR filed suit against it. The Court thus **DENIES** Allscripts's Motion on this ground.

MMR has also pleaded that "it is reasonable to infer" that Allscripts was aware of the '466 Patent since MMR originally filed the *Jardogs* Complaint on May 17, 2013. (SAC ¶ 17.) MMR contends that Allscripts acquired all or substantially all of Jardogs's assets in March 2013, including Jardogs's accused FollowMyHealth product. (*Id.*) MMR alleges that Allscripts subsequently integrated its accused Patient Portal product with FollowMyHealth—thereby bolstering the inference that Allscripts was aware of the '466 Patent since May 2013. (*Id.*)

There is no principled reason to preclude MMR from pleading this inference at this stage. The allegation that Allscripts acquired Jardogs complete with the accused FollowMyHealth product and then integrated both companies' products supports the inference that Allscripts knew of the initial *Jardogs* Complaint in May 2013. And by that argument, Allscripts therefore knew of the '466 Patent as well.

Like any other claim, this allegation must still walk the evidentiary gauntlet. Allscripts's pre-September 2013 indirect-infringement liability for the '466 Patent is thus only potential at this point. But the Court finds that Allscripts bears possible indirect-infringement liability for conduct relating to the '466 Patent beginning on May 17, 2013, and consequently **DENIES** Allscripts's Motion on this ground.

/ / /

/ / /

/ / /

### 2. *Willful infringement*

Echoing its arguments with respect to indirect infringement, Allscripts argues that since MMR cannot establish Allscript's presuit knowledge of the '466 Patent, MMR likewise cannot establish its willful-infringement claim.

As the Court previously noted, to establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). If the plaintiff establishes that risk, it must then show that the objectively defined risk "was either known or so obvious that it should have been known to the accused infringer." *Id.*

MMR argues that the Federal Circuit in *Seagate* precluded a plaintiff from establishing a willful-infringement claim based solely on postfiling conduct if the plaintiff does not move for a preliminary injunction.

In *Seagate*, the Federal Circuit noted that since a plaintiff must comply with Federal Rule of Civil Procedure 11(b) when filing a complaint, it cannot have a good-faith basis for alleging willful infringement if the only evidence establishing willfulness begins once the plaintiff files the complaint. 497 F.3d at 1374. The court also stated that a "patentee who does not attempt to stop an accused infringer's activities [via a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's *post-filing* conduct." *Id.* (emphasis added). But the Federal Circuit did not explicitly hold that a plaintiff may never obtain redress for willful infringement based on postfiling conduct. *See Clouding IP, LLC v. Google Inc.*, No. CV 12-639-LPS, 2013 WL 5176702, at *1 (D. Del. Sept. 16, 2013) (rejecting the argument that the plaintiff must have moved for a preliminary injunction in order to establish willful infringement based on conduct that occurred after the filing of the original complaint).

Since knowledge is required to subject a defendant to potential willful-infringement liability, *see Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, ---

F. Supp. 2d --- (S.D. Cal. July 16, 2013), knowledge should work both ways. That is, if a plaintiff like MMR is able to establish the defendant's knowledge of the alleged infringement based on a prior, though superseded, complaint, the defendant should not be able to escape liability for conduct occurring after the plaintiff files its complaint. Holding otherwise would again give a defendant free rein to willfully infringe a patent of which it is now blatantly aware simply because a plaintiff chose not to move for a preliminary injunction. Such a result would eviscerate the whole basis behind enhanced damages for willful infringement. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1348 (Fed. Cir. 2004) (noting that enhanced damages for willful infringement serve to punish the reprehensible conduct of deliberately infringing a patent).

The Court finds that MMR has adequately pleaded willful infringement by Allscripts of the '466 Patent beginning on May 17, 2013, and of the '883 Patent as of September 23, 2013. The Court therefore **DENIES** Allscripts's Motion on this ground.

B.   **Specific intent to induce infringement**

Allscripts next argues that MMR failed to adequately plead that Allscripts specifically intended that its customers infringe the patents-in-suit or that Allscripts knew that its customers' acts constituted patent infringement as required by Federal Circuit law. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). As the Court previously noted, mere knowledge is not sufficient; intent to induce infringement is the criterion. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305–06 (Fed. Cir. 2006).

In its Second Amended Complaint, MMR alleges,

> Allscripts has provided instructions directing other entities specifically to use the FollowMyHealth and Patient Portal products in a manner known to be infringing. For example, Allscripts maintains a website at www.followmyhealth.com, which includes instructions specifically

>  directing users to access and collect their health records a secure and private manner, in a manner that infringes one or more claims of the '466 Patent. Allscripts provides those instructions on its websites, including at www.followmyhealth.com and support.followmyhealth.com. Allscripts knows its actions induce infringement of the '466 Patent, because, for example, it knows that use of the FollowMyHealth and Patient Portal products infringe the '466 Patent.

(SAC ¶ 18; *see also* ¶ 32 (alleging virtually identical arguments regarding the '883 Patent).)

Allscripts asserts that the websites that MMR cites in its Second Amended Complaint demonstrate the multitude of noninfringing uses for Allscripts's products, including communicating privately with physicians via secure message, scheduling or changing appointments, and viewing and paying bills. Allscripts also argues that its products do not allow users to access and manage their health records in a "secure and private manner" as claimed in the patents-in-suit. Allscripts therefore contends that MMR's allegations at best establish that Allscripts was aware that its users managed and accessed their health records in an allegedly infringing manner.

But MMR asserts that Allscripts does not dispute that intent to induce infringement can be established by instructions directing users to specifically use the accused products in a manner Allscripts knows to be infringing. MMR also faults Allscripts for asking the Court to engage in premature, summary-judgment-style, noninfringement analysis.

MMR correctly notes that a plaintiff may establish a defendant's specific intent to induce infringement based on the defendant's instructions that teach users to practice the accused product in a manner the defendant knows is infringing. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010). MMR has alleged that Allscripts specifically instructed its users to collect and access their health records and drug prescriptions "in a secure and private manner"—which is exactly what MMR

1 claims in the '466 and '883 Patents. U.S. Patent No. 8,301,466 16:20–23 (filed
2 Mar. 7, 2011); U.S. Patent No. 8,498,883 15:45–48 (filed Dec. 14, 2012).

3 But since MMR must plead that Allscripts knew that the acts that it induced
4 constituted infringement, the same knowledge problem discussed above limits
5 MMR's potential recovery. MMR has only alleged Allscripts's knowledge of the
6 '466 Patent based on filing the initial *Jardogs* Complaint and of the '883 Patent based
7 on the *Allscripts* Complaint. MMR can thus only properly allege specific intent to
8 induce infringement based on those dates.

9 The court accordingly finds that MMR has properly pleaded Allscripts's
10 specific intent to induce infringement and knowledge that the induced acts constitute
11 infringement as of May 17, 2013, and September 23, 2013, for the '466 and '883
12 Patents, respectively. The Court thus **DENIES** Allscripts's Motion on this ground.

13 **C.    Contributory infringement: substantial non-infringing uses**

14 Allscripts lastly argues that MMR again failed to plead that Allscripts's
15 products lack any substantial noninfringing uses as required for contributory
16 infringement. A plaintiff must "plead facts that allow an inference that the
17 components sold or offered for sale have no substantial non-infringing uses" in order
18 to state a contributory-infringement claim. *In re Bill of Lading*, 681 F.3d at 1337.

19 MMR alleges in its Second Amended Complaint,

> Since FollowMyHealth and Patient Portal are specifically designed to
> empower patients to manage their care by providing access to their
> personal health records, Allscripts knows that FollowMyHealth and
> Patient Portal have no substantial uses other than in providing users with
> the ability to access and collect their health records a secure and private
> manner, in a manner that infringes one or more claims the '466 Patent.
> Allscripts also knows that FollowMyHealth and Patient Portal are made
> and adapted for use in in providing users with the ability to access and
> collect their health records (including drug prescriptions) in a secure and

    private manner, in a manner that infringes one or more claims of the '466
    Patent, and therefore that they are especially made or adapted for use in
    infringement of the '466 Patent.

(SAC ¶ 19; *see also* ¶ 33 (alleging almost identical arguments with respect to the '883 Patent).

  Allscripts contends that MMR's own allegations demonstrate that the use of its products with respect to "health records" but not "drug prescriptions" would fall outside the scope of the '883 Patent, thereby constituting a substantial noninfringing use—and vice versa vis-à-vis the '466 Patent. Allscripts also asserts that none of the claims of either patent-in-suit could conceivably cover all methods for providing a user with the ability to collect and manage health records and drug prescriptions in a safe and private manner, so there necessarily must be some substantial noninfringing uses for Allscripts's products. Finally, Allscripts heavily emphasizes that material located on an Allscripts website referenced in MMR's Second Amended Complaint demonstrates substantial, noninfringing uses for the products.

  But MMR argues that Allscripts specifically designed FollowMyHealth and Patient Portal to empower patients to manage their care by providing access to their personal health records, and that these products have no substantial uses other than in providing users with the ability to access and collect their health records in a secure and private manner—thereby constituting infringement of the '466 and '883 Patents.

  MMR competently alleges that Allscripts specifically adapted its products to provide users with the ability to collect and manage health and drug-prescription records in a secure and private manner. This is exactly what MMR claims in the '466 and '883 Patents. The Federal Circuit has also already rejected Allscripts's argument that each product is a noninfringing use of the other patent. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (concluding that the argument "seems both untenable as a practical outcome and inconsistent with both the statute and governing precedent").

Despite Allscripts's assertion, this case is distinguishable from the procedural history in *In re Bill of Lading*. In that case, the district court found that the affirmative allegations in the complaint itself demonstrated that the product had substantial, noninfringing uses. 681 F.3d at 1337. Here, Allscripts attempts to use an incorporate-by-reference-style argument to integrate part of its website via a citation in the Second Amended Complaint. But MMR's "affirmative allegations" themselves do not establish Allscripts's purported noninfringing uses. Allscripts therefore finds little support in *In re Bill of Lading*.

Neither can the Court assess the merits of MMR's allegations at this stage. Rather, the Court must accept them as true. Allscripts may well be able to demonstrate that its products have substantial noninfringing uses at a later stage. But the Court finds that MMR has complied with *In re Bill of Lading*'s pleading standard for contributory infringement and consequently **DENIES** Allscripts's Motion on this ground.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Allscripts's Motion to Dismiss in its entirety. (ECF No. 59.) Allscripts shall file its answer to the Second Amended Complaint within 14 days.

**IT IS SO ORDERED.**

February 14, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**