O

# United States District Court
# Central District of California

| | |
|---|---|
| MYMEDICALRECORDS, INC., <br> Plaintiff, <br> v. <br> JARDOGS, LLC; ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., <br> Defendants. | Case № 2:13-cv-03560-ODW(SHx) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY [83]** |

Defendant Allscripts Healthcare Solutions Inc. ("Allscripts")[1] moves to stay this case until the United States Patent and Trademark Office ("PTO") and its Patent Trial and Appeal Board ("PTAB") has completed its review of Allscripts' petition for "Covered Business Method" ("CBM") of U.S. Patent No. 8,301,466 ("the '466 Patent). Defendants argue that all the factors under § 18 of the America Invents Act ("AIA") are met to justify staying the case. For the reasons discussed below, the Court **DENIES** Defendant's Motion to Stay.[2]  (ECF No. 83.)

On September 23, 2013, Plaintiff MyMedicalRecords ("MMR") filed suit in this Court against Defendant Allscripts, accusing Allscripts of infringing the '466

---

[1] Defendant Jardogs LLC filed a statement of non-opposition to Allscripts' Motion to Stay. (ECF No. 90.)

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Patent and U.S. Patent No. 8,498,883 ("the '883 Patent"). (Case No. 2:13-cv-07052, ECF No. 1.) MMR filed an Amended Complaint against Defendants Jardogs and Allscripts on November 5, 2014. (ECF No. 30.) The Court coordinated this case for claim construction purposes with several other cases brought by MMR. (*See* ECF No. 43.) The parties engaged in claim construction and this Court issued a Claim Construction Order on September 3, 2014. (Case No. 2:13-cv-00631, ECF No. 86.) Defendants filed a Covered Business Method Petition ("CBM") for the '466 Patent to United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") on November 4, 2014. (Rizzolo Decl. Ex. E.) Defendants filed their Motion to Stay pending the PTAB's review of the CBM petition, which is currently before this Court. (ECF No. 83.)

Section 18 of the AIA identifies four factors that a district court should consider when deciding whether to grant a stay: (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court. AIA, Pub. L. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011).

The Court finds that a stay is not warranted under the totality of the circumstances. Defendant has petitioned for CBM review, but at this point the Court can only speculate as to whether the PTAB will grant review and, even if it does, to what extent the review will encompass the claims at issue in this case. Based on the speculative nature of Defendant's petition, this Court is unable to ascertain whether issues will be simplified. In addition, the speculative nature of the petition also limits this Court's consideration of whether the parties would be prejudiced. Likewise, this Court is unable to determine whether the burden of litigation will be reduced. Further, consideration of the case schedule seems to weigh in favor of denying this motion as

the trial date is five months (May 19, 2015) away and discovery cut-off is a mere two months away (February 18, 2015). The earliest projected date by which the Patent Office will decide whether to institute the CBM proceeding is sometime after May 3, 2015.

Therefore, the Court agrees with other courts that have held that the stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition has been filed in the PTO. *See Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) (stay "not warranted when based on nothing more than the fact that a petition for inter partes review was filed in the USPTO"); *see also Ultratec, Inc. v. Sorenson Commc'ns, Inc*., No. 13-cv-346-BBC, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013) ("[T]he fact that the Patent Office has not yet granted the petitions to review the nine patents adds an additional layer of doubt whether the inter partes review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court."); *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06–04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

Defendants are advised to re-file this motion, if and when, the CBM is instituted.

**IT IS SO ORDERED.**

December 16, 2014

                                          _____
                                             **OTIS D. WRIGHT, II**
                             **UNITED STATES DISTRICT JUDGE**